Niblo *v.* Binsse.

———————•◦•———————

William Niblo *vs.* John Binsse and another, executors, &c, of John LaFarge, deceased.

It is not usual for the court, on appeal, to review facts, when they have been found by the judge at special term.

Where a judge, at special term, finds the facts, the court, on appeal, will not undertake to say that the judge found them incorrectly, when there is evidence, though contradictory, to sustain the fact so found.

An extra allowance for costs, against executors, depends on the same inquiry as the question of the recovery of costs against them.

THIS action having been tried before a referee, he reported in favor of the plaintiff, and directed that the defendants pay the plaintiff the costs of the action. Judgment was entered upon the report, against the defendants, for damages and costs, without any application having been made to the court, and special leave granted, to enter judgment for costs. The defendants moved, at special term, to strike the costs from the judgment, on the ground that they being executors, it was irregular to enter judgment for costs against them, without the special leave of the court, on application made therefor. The plaintiff made a cross motion, for an extra allowance of costs, against the defendants, in addition

to the general costs in the suit. The motions were heard at special term, before Judge Ingraham, who decieded them as follows: "I think the application to the executors sufficient, and that they should have offered to refer. The motion [to strike out the costs,] is denied and the order for costs, &c. to be entered *nunc pro tunc*, is granted on payment of costs."

From this decision the defendants appealed.

*T. James Glover,* for the appellants.

*E. P. Cowles,* for the respondent.

LEONARD, J. The judge before whom this motion was heard, at special term, found that payment had been demanded, before action, and unreasonably resisted. I am unable to perceive that I can find the fact better than he. The facts were before him ; he passed upon them ; and I can not undertake to say that he found them incorrectly. It is not usual to review facts when they have been found by the judge who heard the motion.

The allowance in addition to costs, depends on the same inquiry as the question of the recovery of costs.

The judge had the power to direct his order to be so entered as to prevent the necessity of another motion, or the useless proceeding of re-entering the judgment. Having decided the question of costs and allowance in favor of the plaintiff, it was proper to have the order entered *nunc pro tunc.*

I think the two orders appealed from should be affirmed, with $10 costs.

INGRAHAM, J. (After discussing some questions not necessary to be stated here.) The plaintiff was only authorized to charge interest from the time the claim was presented, namely, 25th February, 1859.

I suppose the referee had no authority to give costs against the defendants. The right to recover costs depends upon

Niblo *v.* Binsse.

the order of the court, on a motion to be made therefor. Whether such motion was made or not is not before us. It is not now reviewable on this appeal. If the costs were improperly inserted in the judgment, the defendants' remedy is by motion to strike them out of the judgment. Upon that point, I express no opinion.

The judgment in this case should be reduced by deducting the discount charged upon the notes, ($135.62½) from the amount found to be due on the 8th January, 1864, viz. $2772.77, leaving, as the sum due at that time, $2637.15.

Interest should be allowed on this sum from 25th February, 1859, and the judgment should be affirmed for that amount.

If the plaintiff declines within ten days to remit the balance and take a judgment for this amount, the judgment and report should be set aside and the case referred back to the referee ; costs to abide event.

The plaintiff may, if he elects to take this judgment, include therein the costs as taxed, without prejudice to a motion by the defendants to strike out such costs, and to a motion by the plaintiff to be allowed costs.

SUTHERLAND, J. (dissenting.) It was certainly irregular to enter judgment for costs, against the executors, without an application to the court, and special leave granted. The referee was not the court, and had no power to award costs against the executors. The plaintiff could not by any allegation or allegations in his complaint make the question of costs a proper question for the referee no try or determine.

The plaintiff's motion for an extra allowance, and the order made for an extra allowance, assumed that the referee had power to award costs, and had awarded them ; for clearly an order for an *extra* allowance of costs could not be

made before the plaintiff's right to recover their general or ordinary taxable costs had been determined.

The statute does not permit the recovery of costs against executors unless it appear that the demand was unreasonably resisted or neglected, or that they refused to refer the same. (2 *R. S.* 90, § 41. *Code*, § 317.) In this case it is impossible to say that the executors refused to refer the same ; unless a refusal to pay is, or should be regarded as, a refusal to refer. The very words of the statute would appear to forbid such a construction of it. The refusal to refer is one thing, and the unreasonable resistance or neglect of payment is another thing. They do not mean the same thing in, or out of, the statute.

The question is, then, did the executors *unreasonably* resist or neglect the payment of the demand or claim ? In view of the history of the case, and of the litigated questions in it, how can we say that they did ? On the first trial, they obtained a judgment, which was affirmed at general term, but reversed in the Court of Appeals. We must conclude that the question of their liability was a question of liability under special circumstances, and by no means free from doubt. It certainly can not be said that the motion papers on the part of the plaintiff show that the demand was unreasonably resisted or neglected by the executors ; and it was for the plaintiff to show this. It appears that the executors would have successfully resisted the demand, had it not been for the lucky hit, or persevering energy of the plaintiff, in carrying the case to the Court of Appeals.

I can not see that the fact that the attorney of the executors did not insist, before the referee, on the trial, or the clerk on the adjustment of costs, or before the court on the motion for an extra allowance, that the plaintiff could not recover costs, without a special application to the court, can, or ought to estop the executors from insisting upon their protection from costs under the statute. I can see no way to

affirm the orders appealed from, without disregarding the statute.

I think both orders should be reversed, and the costs stricken from the judgment.

Orders affirmed.

[NEW YORK GENERAL TERM, September 19, 1865. *Ingraham, Leonard* and *Sutherland*, Justices.]